UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMIYA GAINES,<br><br>    Plaintiff,<br><br> v.<br><br>STANFORD HEALTH CARE, et al.,<br><br>    Defendants. | Case No. 16-cv-02831-VC<br><br>**ORDER GRANTING SUMMARY JUDGMENT AS TO STANFORD HEALTH CARE**<br><br>Re: Dkt. No. 39 |

  Stanford Health Care's motion for summary judgment is granted, because it cannot be liable for the alleged conduct of University Healthcare Alliance.

  The claims in dispute all require at least an agency relationship between the plaintiff and defendant. *See* 31 U.S.C. § 3730(h)(1) ("Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole . . . ."); Cal. Gov't Code § 12653(a) (same); *La v. San Mateo Cty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *11 (N.D. Cal. Sept. 16, 2014); *United States ex rel. Fryberger v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 814 (N.D. Cal. 2014). Gaines bases her argument that Stanford Health Care may be liable on the Fifth Circuit's decision in *United States ex rel. Bias v. Tangipahoa Parish School Board*, 816 F.3d 315 (5th Cir. 2016). But she was not in a relationship with Stanford Health Care that could subject it to liability under the test set out in *Bias*. She has not explained how Stanford Health Care had any control over her employment. *Bias*, 816 F.3d at 325; *Vernon v. State of California*, 116 Cal. App. 4th 114, 122 (2004); *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727 (1998), *declined to follow on other grounds in Reid v. Google, Inc.*, 50 Cal. 4th 512 (2010).

Gaines relies on the use of a Stanford Health Care email signature block and stanfordhealthcare.org email address by her supervisor.  But Gaines acknowledges that she and her coworkers all used Stanford Health Care email addresses and signature block graphics, irrespective of their formal affiliation with Stanford Health Care.  Gaines Decl. (Dkt. No. 40-1), at ¶¶ 4-5.  The choice of email domain name is a far more attenuated sign of control than the activities held to be sufficient to state a plausible claim in *Bias* and is not sufficient evidence of an agency relationship for the purposes of whistleblower liability.  *Cf. Bias*, 816 F.3d at 325 (Bias "performed teacher-like functions, such as supervising lunchtime detention, and participated in meetings with school officials, including someone from the Human Resources Department.").

Gaines also says in her declaration that University Healthcare Alliance holds itself out as a division of Stanford Health Care, but that does not demonstrate that Stanford Health Care is in an employment-like relationship with all of University Healthcare Alliance's employees.  Employees of a subsidiary do not have a whistleblower claim against the parent company based solely on a parent-subsidiary relationship.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993); *Rhodes v. Sutter Health*, No. 12-cv-0013 WBS DAD, 2012 WL 1868697, at *6 (E.D. Cal. May 22, 2012); *Laird*, 68 Cal. App. 4th at 731.

Thus, Gaines has offered no evidence that would create a genuine issue of fact on whether Stanford Health Care can be liable.  As a matter of law, it can't.

**IT IS SO ORDERED.**

Dated: August 15, 2017

_____
VINCE CHHABRIA
United States District Judge